UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC LEE TOWNSEND,

    Plaintiff,

vs.                                          Case No. 3:24-cv-250-MMH-MCR

ALEJANDRO MAYORKAS, Acting
Secretary Department of Homeland
Security, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Upon review of Plaintiff's Complaint for Issuance of Writ of Mandamus (Doc. 1; Complaint), the Court finds that Plaintiff has failed to properly redact Exhibits 4 and 5 as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin. P.). Pursuant to Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

See Rule 5.2(a); see also CM/ECF Admin. P., Part I. Here, Exhibits 4 and 5 include the full birth date of an individual in direct violation of this Rule. See Exhibit 4 at 3; Exhibit 5 at 1-2.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party. See CM/ECF Admin. P., Part I, ¶ 1 ("It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing any documents with the court."). Indeed, the Court's Administrative Procedures impose on the filing party the responsibility to verify "that appropriate and effective methods of redaction have been used." Id. Consequently, the Court will strike Exhibits 4 and 5 and direct Plaintiff to file a properly redacted version of these exhibits. The Court will also direct Plaintiff's counsel to review Rule 5.2 and Part I of the Court's Administrative Procedures and file a notice on the Court docket certifying that:

1) Counsel has read the relevant rules; and

2) Counsel has ensured that "appropriate and effective methods of redaction" will be used for all future filings.

While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken to protect personal identifying information <u>before</u> it is filed on the docket. Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may remain available to the public indefinitely. As such, counsel is cautioned that failure to comply with the redaction rules going forward may warrant sanctions. Accordingly, it is

**ORDERED**:

1. Exhibits 4 (Doc. 1-9) and 5 (Doc. 1-10) are **STRICKEN**, and the Clerk of the Court is directed to **remove** these documents from the Court docket.

2. Plaintiff shall have up to and including **April 1, 2024**, to file a properly redacted copy of these exhibits.

3. On or before **April 1, 2024**, Plaintiff's counsel shall file a notice on the Court docket certifying that: 1) counsel has read Rule 5.2 and Part I of the CM/ECF Administrative Procedures, and 2) counsel has ensured that "appropriate and effective methods of redaction" will be used before all future filings.

**DONE AND ORDERED** in Jacksonville, Florida, on March 18, 2024.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

- 4 -